IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES SINGLETON, #1112819 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-263 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of James Singleton, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 23rd District Court of Brazoria County, Texas on June 12, 2002. Petitioner pled guilty to two counts of possession of a controlled substance with the intent to deliver and was sentenced to ten-year and twenty-five year imprisonment on each count, respectively. Petitioner appealed, but the appellate court dismissed the appeal on August 8, 2002. He filed a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure on May 27, 2003. It was denied without written order on March 24, 2004. Petitioner subsequently filed the instant writ in federal court. Petitioner states ten grounds for relief as outlined below.

The Illegal Sentence Issue

Petitioner first claims he was illegally sentenced because the sentences given in Cause Nos. 41,562 and 41,463 in state court allegedly exceeded the statutory limits. This claim is without merit. In No. 41,562, Petitioner pled guilty to possession with intent to deliver between one and four grams

1

of cocaine and was therefore facing punishment for a second degree felony. Tex. Health & Safety Code § 481.112(c). However, he also pled guilty to five enhancement paragraphs for five prior felony convictions. He was therefore facing punishment for a first degree felony under Texas law. Tex. Penal Code § 12.42(b). A twenty-five year sentence was therefore legal. Id. at 12.32(a).

In Cause No. 42,563, Petitioner pled guilty to the possession with intent to deliver less than one gram of cocaine, and he therefore faced punishment for a state jail felony. Tex. Health & Safety Code § 481.112(b). However, he also pled guilty to the same five enhancement paragraphs noted above, thereby increasing the punishment range to that for a third degree felony. Tex. Penal Code § 12.35(c)(2). He received a ten-year sentence under a plea agreement that was within the range prescribed for a third degree felony. Id. at § 12.34.

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on this issue.

<u>The Ineffective Assistance of Counsel Issues</u>

Petitioner next alleges he received ineffective assistance of counsel. In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by it. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). He must overcome a strong presumption that his attorney's performance was within the range of professional assistance, and every effort must be made to eliminate the distorting effect of hindsight. *Id.* To show prejudice, a prisoner must demonstrate that there is a reasonable probability that, but for the deficient representation, the outcome of the trial would have been different. *Id.* at 694.

Petitioner's claims are entirely conclusory. He alleges that his attorney erred "given the position of Applicant now incarcerated," Memorandum at 4, but provides no grounds on which to premise a claim of constitutionally deficient representation. In his Response, Petitioner attempts to

specify his claim by alleging that his attorney failed to advise him of potential defenses and failed to investigate potential witnesses. These allegations are equally conclusory. Petitioner fails to state what witnesses were available or what they would have said. Nor does he specify what possible defenses he should have been advised on or why the outcome would have been different if his attorney had acted otherwise. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on these issues.

The Involuntary Plea Issue

Petitioner next alleges that his plea was involuntary because the trial court did not comply with Rule 11 of the Federal Rules of Criminal Procedure when it failed to determine if Petitioner understood the nature of the charges against him. He further alleges that he was not properly informed of the punishment range for his offenses and was pressured into pleading guilty.

These allegations are without merit. A formal violation of Rule 11 is not in itself grounds for habeas relief. *United States v. Timmreck*, 441 U.S. 780, 783 (1979). Moreover, Petitioner's allegations are conclusory and contradict the record in this case. Petitioner signed an affidavit that clearly and explicitly stated the trial judge had informed him of the range of punishment for habitual possession of a controlled substance; that he waived a reading of the indictment; and that he was voluntarily pleading guilty to the charges against him. Trial Exhibits at 1-4. Moreover, the record shows that the Petitioner told the judge in open court that the enhancement paragraphs were true, as well as the fact that the judge explained the potential punishment range would be possible in the absence of a plea agreement. Plea Agreement at 5-7. Petitioner openly stated in court that he was voluntarily pleading guilty and that he had never been threatened or pressured to do so. Id. at 8. Insofar as Petitioner was motivated to enter into the plea agreement out of fear of greater

punishment, that does not render a guilty plea invalid. *Flores v. Estelle*, 578 F.2d 80, 85 (5th Cir. 1978).

The Court **RECOMMENDS** that the Petition be **DENIED** on this point.

The Jurisdiction Issue

Petitioner next claims the trial court lacked jurisdiction over his case because the trial judge had previously served as his appellate counsel in one of his enhancement convictions. No legal ground exists to support such a claim. Moreover, prior representation of a defendant by the presiding judge in an unconnected case is not grounds for disqualifications. *See Carr v. Fife*, 156 U.S. 494 (1885); *see also United States v. Seiffert*, 501 F.2d 974, 978 (5th Cir. 1974). The Court **RECOMMENDS** that the Petition be **DENIED** on this issue.

The Double Jeopardy Issue

Petitioner next claims he was unconstitutionally subjected to double jeopardy because he was tried on two counts of possession with intent to deliver. The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727 (1998). In this case, each conviction was premised on separate facts. As the State points out, No. 41,562 was based on possession of more than one gram of crack cocaine found when the police executed an arrest warrant. The second charge was based on the sale of less than a gram of cocaine to a confidential information. State's Ex. 3.

The Court **RECOMMENDS** that the Petition be **DENIED** on this issue.

### The Legal Insufficiency Issue

Petitioner next alleges that the evidence supporting his conviction was legally insufficient. It has long been held under Texas law that a claim of legal insufficiency cannot be raised in a writ of habeas corpus; it can only be asserted in a direct appeal. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996). Petitioner did not raise this issue to the Court of Criminal Appeals on appeal, and it is consequently procedurally barred from consideration by this Court unless Petitioner can show prejudice or a miscarriage of justice. He has not even attempted to do so.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

### The Defective Indictment Issue

Petitioner next claims that his indictment was defective. The sufficiency of a state indictment is not a matter for federal relief unless it can be shown that the indictment was so defective that it deprives the state court of jurisdiction. *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980). When a state court holds that an indictment is not defective under state law, a federal court need not address the issue. *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987). Petitioner presented this issue to the Court of Criminal Appeals, which rejected it on its merits. This Court therefore will not consider the claim anew.

The Court **RECOMMENDS** that the Petition be **DENIED** on this issue.

### The Speedy Trial Act Issue

Petitioner alleges the speedy trial act was violated because over ten months elapsed between his arrest and the date of trial. Insofar as he claims a violation of Texas state law, he does not raise an issue for federal habeas relief. *Estelle v.. McGuire*, 502 U.S. 62, 68 (1991). In order to show a constitutional violation, Petitioner must show: (1) the length of the delay; (2) the reasons for it; (3) the defendant's assertion of his right to speedy trial; and, (4) prejudice. *Barker v. Wingo*, 407 U.S.

514, 530 (1972). Petitioner makes no attempt to demonstrate any of these factors. As a threshold matter, he must show that the length of the delay is presumptively prejudicial. *Id*. at 530. The record shows that he was arrested on July 20, 2001, and that he pled guilty on June 12, 2002 – a delay of approximately ten and half months. This is not presumptively prejudicial. *United States v. Maizumi*, 526 F.2d 848, 851 (5th Cir. 1976); *Cowart v. Hargett*, 16 F.3d 642, 646 (5th Cir. 1994) ("a delay of less than one year will rarely qualify as 'presumptively prejudicial.'").

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

### The Illegal Search Issue

Finally, Petitioner alleges his conviction was based on an illegal search and seizure that violated his Fourth Amendment rights. However, such claims cannot be raised in a federal habeas writ when the State has provided an opportunity for a full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Petitioner could have, but did not, raise this issue in the trial court. He did raise it in his state habeas writ, and the Court of Criminal Appeals rejected it on its merits. He therefore cannot raise it at this point.

The Court **RECOMMENDS** that the Petition be **DENIED** on this point.

### Conclusion

For all the reasons stated herein, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of James Singleton (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parteis shall have until **May 21, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall**

be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

        **DONE** at Galveston, Texas, this _____4th_____ day of May, 2006.

                                                  _____
                                                  John R. Froeschner
                                                  United States Magistrate Judge